■ ROBERT L. HALPIN, Individually and as a Stockholder of VULCAN METHODS, INC., Respondent, v. THOMAS MARSON et al., Appellants. VULCAN METHODS, INC., Plaintiff, v. ROBERT L. HALPIN et al., Defendants.— In an action by an alleged stockholder of a corporation, Vulcan Methods, Inc., against the corporation and its principal officers and alleged directors, Thomas Marson and Frank R. Verville, to compel the issuance to plaintiff of stock certificates representing his claimed one-third interest in the corporation; to compel the individual defendants to account to the corporation for their diversion of its assets; and to appoint a receiver for the corporation, in which action the corporation asserted a counterclaim (originally set forth as a separate action but which, by stipulation, was treated as a counterclaim) to restrain the plaintiff and one Harry Salvan from interfering with its contractual relations with others and from disparaging and injuring its patent rights and business, the defendants Marson, Verville and the corporation appeal from so much of a judgment of the Supreme Court, Queens County, entered September 4, 1963 upon the opinion and decision of the court after a nonjury trial, as: (1) declared that plaintiff has a one-third interest in the corporation and directed that it issue to him one third of its stock; (2) declared that defendants Marson and Verville mismanaged the corporation and committed acts "to enrich themselves" and "caused corporate funds to be used for their personal use" and directed them "to account to the corporation for such acts" and for the corporate funds diverted to their personal use; and (3) appointed a receiver to operate the business of the corporation, invested him with certain specified powers and enjoined all interference with him in the discharge of his duties. Judgment modified on the law and the facts by: (1) striking out its ninth through twenty-first decretal paragraphs relating to the appointment of the receiver, his powers and the injunction against interference with him; (2) by adding a provision declaring that such judgment is interlocutory only; and (3) by adding a further provision directing that an appropriate final judgment shall be entered upon the conclusion of the accounting by defendants Marson and Verville and upon the determination as to the extent to which they diverted the corporate funds and assets to their personal use. Findings of fact in the opinion and decision of the Special Term which may be inconsistent herewith are reversed, and new findings are made as indicated herein. As so modified, the judgment (which is interlocutory), insofar as appealed from, is affirmed, with costs to appellants; and the action is remitted to the Special Term for the accounting, for proceedings not inconsistent herewith, and for the entry thereafter of the appropriate final judgment. The record discloses that the defendant corporation is a close corporation; that it conducts an extensive and profitable waterproofing business in New York and in other States; that it is solvent and thriving despite the alleged diversions; and that it requires the constant, active and forceful participation of the individual defendants Marson and Verville. Under all the circumstances, it is our opinion that the appointment of a receiver to take over the corporation's assets and to operate its business is likely to eventuate in their dissipation and destruction, to the great loss of all concerned. The relief to be granted, therefore, should now be limited: (a) to an accounting by the defendants Marson and Verville to the corporation; and (b) to a determination of the extent to which Marson and Verville diverted the corporate funds and assets to their personal use. Such accounting may be had before the Special Term or, in its discretion, before Samuel S. Tripp, Esq., the Special Referee of the Supreme Court in Queens County, who may be appointed to hear and determine or to hear and report, as authorized by statute (CPLR 4317, subd. [b]; 4001; 4212). The order of reference should enumerate the matters or items as to which the accounting is directed. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.